SAMUEL ORCHARD, Respondent, *v.* ABRAHAM M. BINNINGER et al., Appellants.

Where the language of a contract is such as to impose a personal liability and there is nothing therein indicative of a different intent, the addition to the signature of the contracting party of the words "special committee" does not affect his liability ; nor does the fact that he was at the time, to the knowledge of the other party to the contract, a "special

committee " appointed by a bank, with authority to execute the contract on its behalf, and that he intended simply to contract as such committee; inasmuch as he does not carry out his authority or intent, but executes an agreement not binding upon or giving any right of action against the bank. His mistake, as to the legal effect of the instrument, cannot deprive the other party of his remedy, without fault or fraud upon his part.

(Argued September 27, 1872; decided January term, 1873.)

THIS action was brought upon the following contract:

"NEW YORK, *July* 11, 1854.

"Received from Mr. Dennis Harris his four notes for $2,000 each, dated July 11, 1854, at four months, and one for $2,250 at four months from July 11th, for which we have given $10,250 of Suffolk Bank stock, upon the return of which to us we will return to him at maturity the above described notes.

"A. M. BINNINGER,
"JAS. E. BROWN,
"D. B. BRITTON,
      "*Special Committee.*"

Plaintiff claimed as assignee of Harris, alleging the tender by Harris of the stock at the maturity of the notes and a demand of the notes, and that Harris was subsequently obliged to pay the notes.

Defendants Binninger and Britton, among other defences, alleged that they signed the agreement not in their individual capacity, but as a committee of the National Exchange Bank, to the knowledge of Harris, and with the understanding upon his part that they were not to be personally bound. Evidence was given on the part of the defence tending to show that defendants were appointed a committee of the National Exchange Bank with power to make such an arrangement on behalf of the bank; that Harris, who was a director of said bank, knew of it. The court charged the jury, among other things, that if they believed that defendants did not intend to bind themselves individually, and Harris so understood the obligation at the time it was made, then plaintiff could not recover; but refused to charge that defendants were not personally liable

on the contract, or that if defendants were a special committee appointed with the knowledge of Harris, with authority to make the agreement as such for the bank, and in making such agreement intended to make it as such committee, and not in their individual capacity, then plaintiff could not recover. To which refusal defendants' counsel duly excepted. The jury rendered a verdict for plaintiff for the amount of the notes. *Held,* that the refusal of the court to charge as requested was not error; that defendants were personally liable upon the contract, and whether they were appointed such committee with knowledge of Harris to contract for the bank, or whether they intended simply to so contract was immaterial, inasmuch as they did not carry out their authority or their intent, but executed an agreement which imposed no liability upon the bank, but simply a personal liability upon themselves; that plaintiff could not be deprived of his remedy in consequence of defendants' mistake as to the legal effect of the instrument without any fault or fraud upon his part. Various other questions were raised in the case, which were disposed of upon the facts.

*Samuel Hand* for the appellants.

*Luther R. Marsh* for the respondent.

Lott, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.